**Gayane MKRTCHYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73149.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Dec. 26, 2006.

Margaret Carew Toledo, Esq., Stacy E. Don, Esq., Orrick Herrington & Sutcliffe, Llp, Sacramento, CA, for Petitioner.

Gayane Mkrtchyan, Van Nuys, CA, pro se.

District Counsel, Esq., Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Chinhayi J. Coleman, Office of the U.S. Attorney, San Jose, CA, for Respondent.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Gayane Mkrtchyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA's") final order of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

Mkrtchyan was served with a notice to appear in August 2000, charging that she was subject to removal under 8 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

§ 1227(a)(1)(B). Mkrtchyan conceded that she was removable as charged but sought asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). On November 7, 2002, the immigration judge ("IJ") denied Mkrtchyan's application for asylum, withholding of removal, and protection under the CAT and ordered her removed to Armenia. The BIA affirmed without opinion the results of the decision below on May 25, 2004.[2]

■ The IJ made an adverse credibility determination in which she stated that petitioner's story was "vague and inconsistent" and "lack[ed] sufficient detail with regard to the beatings ... and most particularly, with regard to the alleged rape." We conclude that the IJ's adverse credibility determination is not supported by substantial evidence. Petitioner's testimony was fairly detailed and consistent in alleging that she had been beaten, raped and harassed on account of her membership in the Jehovah's Witness faith; and in her application for asylum she claimed that she had been beaten and assaulted. Mkrtchyan's hearing testimony and asylum application were consistent and she gave adequately specific and detailed testimony at her hearing and in her application to establish her rape. In her testimony, petitioner said that during the November 15, 1998 beating she "lost [her] consciousness" and that after being taken to a hospital where she underwent a gynecological examination, the doctors disclosed that she had been raped. This testimony, which closely parallels the narrative in her asylum application, is adequately specific and there is no inconsistency or weakness in petitioner's testimony by virtue of her inability to recall further details after losing consciousness.[3]

The IJ did not identify other examples of how Mkrtchyan's testimony lacked detail or was "vague." *See Zheng v. Ashcroft*, 397 F.3d 1139, 1147 (9th Cir.2005). Moreover, the IJ did not offer "specific, cogent reason[s]" for her adverse credibility determination. *See Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir.1994). Those reasons the IJ did offer were not substantial and did not go to the heart of petitioner's asylum claim. *See Mosa v. Rogers*, 89 F.3d 601, 604 (9th Cir.1996); *see also Kaur v. Ashcroft*, 379 F.3d 876, 885 (9th Cir.2004); *Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir.2004). Accordingly, we reverse the IJ's adverse credibility determination and conclude that petitioner must be considered credible.

■ Viewing Mkrtchyan as credible, she has met her burden of demonstrating past

---

2. Because the BIA affirmed the Immigration Judge's ("IJ's") decision without opinion, the IJ's decision constitutes the final agency action which we review. *See* 8 C.F.R. § 1003.1(e)(4)(ii); *see also Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir.2004). We review questions of law *de novo. Chavez–Perez v. Ashcroft*, 386 F.3d 1284, 1287 (9th Cir.2004). We review factual findings for substantial evidence. *See Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004). Under this standard, we uphold the IJ and deny the petition unless "Petitioner presented evidence so compelling that no reasonable factfinder could find that Petitioner has not established eligibility for asylum." *Singh v. INS*, 134 F.3d 962, 966

(9th Cir.1998) (internal quotations and citation omitted).

3. At oral argument, the government argued that petitioner was conscious and cited to a portion of the record in which petitioner stated that she was conscious during the gynecological exam at the hospital. The record plainly shows that petitioner stated she lost consciousness during the beating and before the rape and did not regain consciousness until after the attackers left her apartment when she awoke to the sound of her daughters crying and discovered that an ambulance had been called.

persecution.[4] *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1072 (9th Cir. 2004) (gang rape by Guatemalan soldiers constitutes persecution); *Kebede v. Ashcroft,* 366 F.3d 808, 812 (9th Cir.2004) (rape by Ethiopian soldiers constitutes persecution); *Shoafera v. INS,* 228 F.3d 1070, 1074 (9th Cir.2000) (ethnic Amhara Ethiopian beaten and raped at gunpoint established past persecution); *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1097 (9th Cir.2000) (Mexican homosexual raped and sexually assaulted by police established past persecution). Accordingly, we reverse the IJ's finding that Mkrtchyan failed to establish past persecution.

Because we conclude that Mkrtchyan established past persecution, she was entitled to a presumption of a reasonable fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1); *see also Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004). Since the IJ erred in finding no past persecution, she did not consider whether the government could rebut such a presumption based on changed country conditions or other information. *See id.* Nor did the IJ fully consider Mkrtchyan's claims for withholding of removal or relief under the CAT. We therefore remand to the BIA for further proceedings on Mkrtchyan's application for asylum and withholding of removal with regard to fear of future persecution, withholding of removal and relief under the CAT.

■ The BIA erred when it did not affirm the sixty day length of the voluntary departure period imposed by the IJ, but instead imposed a thirty day period.

*See Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006). Accordingly, we reverse the BIA in part, and re-impose the sixty day period for voluntary departure granted by the IJ.

**PETITION GRANTED; REVERSED IN PART AND REMANDED IN PART.**

---

4. To establish eligibility for asylum based on past persecution, an individual must show "(1) an incident, or incidents that rise to the level of persecution; (2) that is 'on account of' one of the statutorily protected grounds; and (3) is committed by the government or forces the government is unable or unwilling to control." *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000) (footnote and internal quotation omitted).

